09-4217-ag
Zhang v. Holder

BIA
Chew, IJ
A098 713 549

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 31st day of January, two thousand eleven.

PRESENT:
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
    DEBRA ANN LIVINGSTON,
        *Circuit Judges*.
_____

JIN ZHANG,
        *Petitioner*,

        v.                                          09-4217-ag
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.
_____

FOR PETITIONER:        Joan Xie, New York, New York.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Blair T. O'Connor,
                       Assistant Director; Claire L.
                       Workman, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Jin Zhang, a native and citizen of the People's Republic of China, seeks review of a September 17, 2009, order of the BIA, affirming the January 2, 2008, decision of Immigration Judge ("IJ") George T. Chew, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Zhang*, No. A098 713 549 (B.I.A. Sept. 17, 2009), *aff'g* No. A098 713 549 (Immig. Ct. N.Y. City Jan. 2, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (quoting *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006)). The applicable standards of review are well-established. *See Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

I. **Fraudulent Document**

Zhang argues that the agency's finding, that the arrest

2

warrant she submitted was fraudulent, was an insufficient basis for an adverse credibility determination.[*] We conclude that the agency reasonably determined that Zhang's submission of the fraudulent document undermined the credibility of her claim. Although Zhang disputes the reasoning of the consular investigative report upon which the IJ based his finding that the warrant was fraudulent, arguing that it is "not unimaginable" that irregularities in the warrant were caused by the Chinese police, we have recognized that "detailed reports" from overseas State Department or immigration officials regarding the authenticity of documents are highly probative and often necessary for the proper adjudication of an asylum claim. *See Zhen Nan Lin v. U.S. Dept. of Justice*, 459 F.3d 255, 270 (2d Cir. 2006). Moreover, the agency did not err in rejecting Zhang's explanation for the irregularities in her warrant, insofar as it would not compel a reasonable factfinder to accept the authenticity of the

---

[*] Although the agency's adverse credibility determination is arguably not explicit, Zhang assumes that the agency made an adverse credibility determination, and we conclude that the agency's decisions, based largely on Zhang's submission of a fraudulent document, sufficiently constitute an adverse credibility determination. *See Zaman*, 514 F.3d at 237-38.

3

warrant.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).  Although Zhang argues that she did not possess firsthand knowledge of how the warrant was given to her parents, her testimony reflects that she was aware of the document's questionable authenticity at the time she submitted it as evidence before the IJ.  The agency thus did not err in drawing an adverse inference from Zhang's submission of the fraudulent warrant.  *See Corovic v. Mukasey*, 519 F.3d 90, 97-98 (2d Cir. 2008); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

**II.  Lack of Corroboration**

Having reasonably found the credibility of Zhang's testimony undermined by her submission of the fraudulent arrest warrant, the agency did not err in further relying on Zhang's failure to provide corroboration of her claim.  As the agency noted, the U.S. Department of State's Profile of Asylum Claims and Country Conditions in China for 2007 ("Country Report") does not mention Bailiang Jaiao – the form of Buddhism of which Zhang alleged she was a member, causing her to be sought by the Chinese authorities.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273-74 (2d Cir. 2007).  Moreover, the agency reasonably found that the information in the Country

4

Report that a Buddhist group called "the Way of the Goddess of Mercy (Guangyin Famen)" was considered a cult by Chinese authorities and that six group members were sentenced to up to four years in prison in 2005, was insufficient corroboration of Zhang's claim, even assuming that Bailiang Jaiao was a part of this group. *See id.* Contrary to Zhang's arguments, the agency did not err in failing to address specifically the statement in the Country Reports that the Chinese authorities used the term "cult" to stigmatize various groups, as that statement appears in the Country Report's discussion of Falun Gong and related "qigong" groups, and is not included in the section of the report discussing Buddhist groups. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006). Finally, because Zhang's withholding of removal and CAT claims were based on the same facts as her asylum claim, the agency's analysis sufficiently addressed all three forms of relief. *See Paul v.* Gonzales, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

5

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
